MARTHA S. COWARDE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cowarde v. Commissioner
Docket No. 560-75
United States Tax Court
T.C. Memo 1976-246; 1976 Tax Ct. Memo LEXIS 156; 35 T.C.M. (CCH) 1066; T.C.M. (RIA) 760246; August 10, 1976, Filed *156 Respondent disallowed certain deductions for lack of substantiation. Held, petitioner failed to carry burden of proof with respect to casualty loss deduction. Held further, Taxpayer is entitled to an interest expense deduction in the amount of $606.78 in accordance with respondent's concessions. Martha S. Cowarde, pro se. Stephen R. Takeuchi, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency of $273.41 in petitioner's 1972 federal income tax. There are two issues *157 for decision. (1) Whether petitioner is entitled to a casualty loss deduction under section 165(a) of the Internal Revenue Code, and (2) Whether petitioner is entitled to an interest expense deduction under Code section 163. FINDINGS OF FACT Petitioner, Martha S. Cowarde, timely filed her separate return for 1972. Petitioner was a resident of Pittsburgh, Pennsylvania at the time she filed her petition with this Court. Petitioner claimed a casualty loss deduction of $287 resulting from an automobile accident in which she was involved. Petitioner had no recollection with respect to the casualty loss until her memory was refreshed by her husband at trial. She erroneously identified the make and year of her own automobile. She testified that the accident "occurred on Sunday when I was coming home from church" sometime "in the Fall." Neither petitioner nor her husband could identify the other driver involved in the accident except that he was the "preacher's son". Petitioner introduced into evidence an invoice for $410.02, an amount which bears no evident relationship to the claimed deduction. The corner of the invoice, where the date was located, *158 is torn off. The only legible indication of a date is the number 3 which presumably indicates the month of March. Petitioner claimed an interest expense deduction of $1,064.87, itemized as follows: Interest paid on 2nd Mortgage
$ 700.00
Interest paid to Joseph Horne Co.
187.36
Interest on car loan
177.51
$1,064.87
Petitioner claims that she paid 12 payments of $100 to Albert K. Leven on a second mortgage on the family residence at 121 Harvard Drive. The only verification of the mortgage offered was two cancelled checks payable to Leven. Petitioner did not offer any documentary evidence to prove any interest expense paid to the Joseph Horne Co. Petitioner borrowed money from Three Rivers Bank to purchase a 1972 Ford automobile. Petitioner approximated the interest paid in 1972 $177as. OPINION Petitioner and her husband were before this Court in 1968 contesting respondent's disallowance of certain deductions for the taxable years 1963 and 1965. [1] At that time this Court sustained respondent's determination and found petitioner's testimony to be completely incredible Credibility of witnesses is a factual question. We are not bound by the findings *159 of fact in the earlier case. We made our own findings of fact based on the demeanor of the witnesses and the content of their testimony. Petitioner claims that she and her husband are being harrassed by the Internal Revenue Service. Respondent has audited the Cowarde's returns regularly since 1968. We assume that respondent's careful scrutiny is based on his opinion that the petitioner has been consistently claiming deductions to which she is not entitled. As we view the facts respondent has not been unduly harrassing petitioner. Our tax system is set up so that it is dependent on the honesty and integrity of the taxpayer. A few taxpayers feel that they can abuse the system with impunity. The system is devised so that all deductions are a matter of legislative grace. The taxpayer is burdened with the weight of proving any deduction to which he feels he is entitled. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Section 165 allows deductions for loses not connected with trade or business if they arise from "fire, storm, shipwreck *160 or othercasualty". [Emphasis supplied.] The regulations [2] applicable to the section are quite detailed and extensive. Basically, they provide that the casualty loss is allowable only in the year in which it is sustained and the amount of loss is limited to the lesser of the difference in fair market value before and after the casualty, and the adjusted basis of the property. We are not convinced that petitioner has carried her burden of proof on the casualty loss. Petitioner's testimony regarding the casualty loss deduction was vague, inconsistent, and often contrary to other evidence. The invoice with which petitioner seeks to verify the cost of repair is of dubious nature. The date has been torn off the invoice, the amount bears no relation to the claimed deduction and the invoice, labeled "Estimate", does not offer proof that any amount was in fact paid by petitioner. We are not convinced that she suffered any casualty loss. [3] Even if she were involved in an accident, petitioner failed to offer adequate evidence to substantiate her loss. She did not show the decrease in fair market value resulting from the accident. [4] *161 We sustain respondent's determination on this issue. Petitioner is entitled to some amount of interest expense deduction. The taxpayer must prove that the amount that he or she has expended which will qualify as a deduction. Petitioner only produced cancelled checks to substantiate $200 paid on the second mortgage. On the charge account with Joseph Horne Co. and the automobile loan, she introduced only a scrap of paper with some numbers on it and her own self-serving testimony. She has failed to establish that she is entitled to her claimed deduction. Respondent is willing to concede that petitioner paid seven payments of $100 to Leven on the second mortgage, $450 of which is allocable to interest. He was also willing to concede that petitioner paid $156.78 in interest to Three Rivers Bank on the automobile loan. We find that those concessions are fair approximations of the amount actually expended. As such, we grant petitioner an interest deduction of $606.78. In accordance with the foregoing, Decision will be entered under Rule 155. Footnotes
1. George L. Cowarde, Jr.,T.C. Memo. 1968-158↩.
2. Sec. 1.165-1 et seq., Income Tax Regs.↩
3. Jon Erdman, T.C. Memo. 1972-22; George L. Cowarde, Jr., T. C. Memo. 1968-158↩.
4. Sec. 1.165-7(b), Income Tax Regs.↩